## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **LARRY COFFMAN, THEODORE GINNERY and CHARLIE ST. CLAIR,** on behalf of themselves and all others similarly situated, )<br>)<br>)<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>v. ) No. 4:05-CV-00373-RWS<br>)<br>**MATT BLUNT, DORN SCHUFFMAN, DIANE McFARLAND, KAREN ADAMS, MELISSA RING, M. BELLEW-SMITH, JULIE INMAN, JAY ENGLEHART, ALAN BLAKE, LINDA MEADE and UNKNOWN MSOTC MEMBERS,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>**Defendants.** ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Larry Coffman for leave to commence this action without payment of the required filing fee[1]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Plaintiff has moved for appointment of counsel [Doc. #3].

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief

---

[1]The Court notes that, of the three plaintiffs listed in the Complaint's caption, only Plaintiff Coffman signed the Complaint and only Plaintiff Coffman submitted a financial affidavit. Therefore, the Court will strike Plaintiffs Ginnery and St. Clair from the Complaint. Moreover, plaintiff lists as plaintiffs "all others similarly situated." Because the Court is dismissing this complaint prior to service of process, it will make no decision regarding this complaint's suitability as a class action.

can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary relief, better treatment and sex therapy, pursuant to 42 U.S.C. § 1983. Named as defendants in the complaint are Matt Blunt (Governor of Missouri), Dorn Schuffman (Director, Missouri Department of Mental Health), Diane McFarland (Director, Division of Comprehensive Psychiatric Services), Karen Adams (Superintendent, Southeast Missouri Mental Health Center), Melissa Ring (Chief Operating Officer, Southeast Missouri Mental Health Center), M. Bellew-Smith (the MSOTC facility director), Julie Inman (Assistant Superintendent, Administration, Southeast Missouri Mental Health Center), Jay Englehart (a doctor for the Missouri Department of Mental Health), Alan Blake (Director, MSOTC), Linda Meade (MSOTC employee) and Unknown MSOTC Members.

Plaintiff alleges that the restrictions placed upon him regarding communications, visitation, and property and liberty interests seem more in keeping with a prison than with a mental health facility. Plaintiff further alleges that the program does little to differentiate, at the time of admission, those patients who need a heightened level of security management from those who pose

no such risk. Plaintiff asserts that he receives no sex therapy as prescribed by the Court in his commitment.

## Discussion

**Defendant Blunt.**

Plaintiff's complaint is without merit as to this defendant as plaintiff has alleged no facts against Defendant Blunt. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under section 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

**Defendants Unknown MSOTC Members.**

Similarly, plaintiff's complaint against these defendants is without merit as they are improper defendants. Defendants Unknown MSOTC Members are improper defendants because they are unidentifiable and indeterminate in number. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

**Defendants Schuffman, McFarland, Adams, Ring, Bellew-Smith, Inman, Englehart, Blake and Meade.**

Assuming, *arguendo*, that plaintiff has sufficiently stated a causal link to, and direct responsibility for, the alleged deprivation of rights, nonetheless, liability under § 1983 does not lie against these defendants. Persons involuntarily committed to the state's custody by means of a civil proceeding - even those committed under Missouri's SVPA - retain liberty interests in essential care items such as adequate food, shelter, clothing, and medical care. *See Youngberg v. Romeo*, 457 U.S. 307, 324 (1982); *see also Kennedy v. Schafer*, 71 F.3d 292, 294 (8th Cir. 1995) (noting that involuntarily committed persons unquestionably have a protected liberty interest in a safe and humane environment). In addition to retained interests to essential care items, civilly committed persons also retain constitutionally protected liberty interests to reasonable safety, reasonable freedom from bodily

restraint (e.g., use of handcuffs, shackles, etc.), and such reasonable training or treatment as may be required by these interests. *Youngberg,* 457 U.S. at 324.

The Supreme Court, however, has made clear that, when evaluating whether a civil detainee's due process rights have been violated, in deciding whether the care provided is adequate or whether the restraint is reasonable, the courts must defer to the decisions of professionals:

> the decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision made by the professional is such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible did not base the decision on such judgment.

*Youngberg*, 457 U.S. at 323. In short, those responsible for a civil detainee's care and treatment do not have to employ the best possible alternative or use the least restrictive means available. *See Thielman v. Leean*, 140 F. Supp.2d 982, 992 (W.D. Wisc. 2001) ("so long as [the] choice was made by a professional, it is presumptively valid even if it is not the best alternative"); *Collington v. Milwaukee County*, 163 F.3d 982, 990 (7th Cir. 1998) (mere disagreement about which of many professionally acceptable treatment plans should have been implemented does not make out a substantive due process claim).

Plaintiff's allegations against these defendants are broad and conclusory, lacking an arguable basis in fact. Plaintiff has alleged that he disagrees with the manner in which security restrictions are imposed and with the amount of sex therapy that he is receiving. The allegations fall into the category of mere disagreement over how civil detainees should be cared for and treated and do not indicate a complete lack of professional judgment necessary to show a due process claim and, therefore, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiffs Theodore Ginnery and Charlie St. Clair are stricken from the instant Complaint.

**IT IS FURTHER ORDERED** that plaintiff Coffman's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #3] is **DENIED**, as moot.

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal with accompany this memorandum and order.

Dated this  22  day of  June  , 2005.

_____
**UNITED STATES DISTRICT JUDGE**